IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAPEL CHAKMA,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN OF MOSHANNON VALLEY PROCESSING CENTER, *et al*,<br><br>*Respondents*. | Civil Action No. 3:26-cv-1656<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus. (ECF No. 1). Petitioner, a native and citizen of Bangladesh, is currently detained at Moshannon Valley Processing Center. On or about April 3, 2016, Petitioner was issued a Visitor for Business (B1) Visa. He was admitted into the United States with authorization to remain in the country until October 2, 2016. Petitioner overstayed the visa deadline, and he was taken into immigration custody on July 24, 2026. Petitioner's removal proceedings remain ongoing. His bond hearing occurred in August 14, 2026, and the immigration judge denied bond because Petitioner was determined to be a flight risk. (ECF No. 5-3, p. 2). Petitioner had until September 14, 2026, to appeal that decision to the Board of Immigration Appeals ("BIA"). No appeal was filed. But on September 23, 2026, Petitioner filed this habeas petition alleging violations of due process, the Fourth Amendment, and the Administrative Procedure Act. (ECF No. 1). He wants the Court to order his immediate release or, alternatively, a second bond hearing. The Court will deny him habeas relief for the following reasons.

First, as Respondents accurately note, Petitioner has not availed himself of the administrative process for appealing the immigration judge's determination denying him bond. *See* 8 C.F.R. § 1003.1(b); 8 C.F.R § 1003.19(f). There is no information before the Court that Petitioner exercised his right of appeal to the BIA, or that he has attempted to seek a custody redetermination under 8 C.F.R. § 1003.19(e) due to a change in material circumstances. Exhaustion is appropriate because the BIA, and not the Court, is the subject-matter expert in immigration bond decisions.

Second, the immigration judge's bond determination is unreviewable by the Court under 8 U.S.C. § 1226(e). The Court does not have the authority to sit as an appellate court over the determination of the immigration judge and to question his substantive determination on bond.[1] Nevertheless, Petitioner wants the Court to review the proceedings before the immigration judge and find that he was not afforded an adequate individualized bond hearing. The Court will not order a new bond hearing. Petitioner already received habeas relief, and an individualized bond hearing with adequate procedural protections. He may disagree with the outcome of his court-ordered hearing and the immigration judge's weighing of the evidence, but nothing before the

[1] The United States Court of Appeals for the Third Circuit, in two unpublished decisions, has advised that a district court may review whether a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (stating that Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights); *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing."). It has explained that a bond hearing satisfies due process if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78.

Court suggests that the process was deficient. The Court holds that he received a fundamentally fair bond hearing.

Third, the Court holds that his continued detention has not become constitutionally unreasonable. In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020). Courts within this circuit have repeatedly recognized that detention approaching or exceeding six months without an opportunity for individualized review raises serious constitutional concerns. *See Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 475–476 (3d Cir. 2015) (explaining that detention becomes suspect as it moves beyond six months); *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (observing that Congress doubted the constitutionality of detention longer than six months).

Petitioner was taken into immigration custody on July 24, 2026. Thus, he has been in immigration custody for a little over two months. As previously noted, his bond hearing occurred on August 14, 2026. There is nothing before the Court indicates that his removal proceedings are progressing at an abnormal pace.[2] Petitioner has not shown that his current conditions of confinement at MVPC are unduly punitive or otherwise quasi-criminal in nature. MVPC only houses immigration detainees. *See https://www.ice.gov/detain/detention-facilities/moshannon-valley-processing-center. See also https://www.geogroup.com/facilities/moshannon-valley-processing-center/.* In sum, the Court

[2] To the extent Petitioner argues that his continued detention violates the Administrative Procedures Act ("APA"), the record shows that ICE followed the statutory and regulatory schemes governing the removal process. *E.g.*, 8 C.F.R. § 241.4(l)(2). His arguments under the APA are not persuasive; his detention is not improper under the APA.

holds that Petitioner's ongoing detention serves the purpose for which § 1226(c) was enacted as protects against flight.

Lastly, the Court would note that, while there does not appear to be any Fourth Amendment flaw with Petitioner's arrest, if there was, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if ... an unlawful arrest, search, or interrogation occurred." *Id*. This is to say that any Fourth Amendment flaw in Petitioner's arrest would not undermine his removal proceedings or his detention during those proceedings. Furthermore, the Court finds that it lacks jurisdiction over Petitioner's Fourth Amendment claim pursuant to 8 U.S.C. § 1252(b)(9) because Petitioner can raise his illegal arrest claim in a petition for review in the appropriate court of appeals, if necessary. *See Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) ("[T]o avoid getting channeled to a [petition for review], a claim must raise now-or-never questions, not just now-or-never harms." (emphasis in original)); *Babula v. Immigr. & Naturalization Serv.*, 665 F.2d 293, 295 (3d Cir. 1981) (reviewing Fourth Amendment claims related to warrantless arrests on petition for review).

AND NOW, this 28th day of September 2026, IT IS HEREBY ORDERED that the Petition for Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE